UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE KOPACSI,

    *Plaintiff*,

*v.*                                                  CASE NO. 12-CV-14160

COMMISSIONER OF                   DISTRICT JUDGE VICTORIA A. ROBERTS
SOCIAL SECURITY,                    MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

### II.    REPORT

#### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability, and Disability

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Insurance Benefits ("DIB"). This matter is currently before the Court on cross-motions for summary judgment. (Docs. 11, 15.)

Plaintiff Alice Kopacsi was has applied for benefits twice before in 2000 and 2004. The current application date relevant to this review is March 21, 2007. (Tr. at 432.) Plaintiff was 45 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 10 at 345, 422.) Plaintiff's employment history includes work as a general laborer on an assembly line for 18 years. (Tr. at 436.) Plaintiff filed the instant claim on March 21, 2007, alleging that she became unable to work on January 26, 1999. (Tr. at 422, 432.) The claim was denied at the initial administrative stages. (Tr. at 398.) In denying Plaintiff's claims, the Commissioner considered substance addiction as a possible basis for disability. (*Id.*) On May 14, 2004, Plaintiff appeared before Administrative Law Judge ("ALJ") Andrew G. Sloss, who considered the application for benefits *de novo*. (Tr. at 345-73, 380-90.)[2] In a decision dated July 26, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 390.) Plaintiff requested a review of this decision on August 8, 2011. (Tr. at 378.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on July 23, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. at 373-75) On September 9, 2012, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

B. **Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S.

---

[2]The ALJ who conducted the hearing was Douglas N. Jones but ALJ Sloss rendered the written decision.

521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

3

claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r*

4

*of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

5

    Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

    Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

    Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

    "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

    **D.    ALJ Findings**

    The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff last met the insured status requirements on December 31, 2004 and that Plaintiff had not engaged in substantial gainful activity since January 26, 1999, the alleged onset date, through the date last insured, December 31, 2004. (Tr. at 385.) At step two, the ALJ

found that Plaintiff's asthma and bipolar disorder were "severe" within the meaning of the second sequential step. (Tr. at 385-86.) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 386-87.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 388.) The ALJ also found that as of the date last insured, Plaintiff was 46 years old, which put her in the "younger individual age 45-49" category. *See* 20 C.F.R. 404.1563. At step five, the ALJ adopted the findings of the previous ALJ since there was no new and additional evidence or changed circumstances under S.S.R. 98-4(6) and *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), and found that Plaintiff could perform a limited range of sedentary work. (Tr. at 387-88.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 390.)

### E. Applicable Standards

"No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ." 42 U.S.C. § 405(h). As a result, a claimant's subsequent application for benefits may be barred by the doctrine of *res judicata*, where the Commissioner has made a final decision or determination on the claimant's rights to benefits based upon the same facts and issues. 20 C.F.R. § 404.957(c)(1).

In this circuit, if a claimant does not appeal an adverse disability determination, nondisability as of the date of decision is established as a matter of *res judicata*. *Carver v. Sec'y of Health & Human Servs.*, 869 F.2d 289 (6th Cir. 1989); *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 871 n.2 (6th Cir. 1986); *Gibson v. Sec'y of Health & Human Servs.*, 678 F.2d 653, 654 (6th Cir. 1982). *See also Spaulding v. Comm'r of Soc. Sec.*, No. 08-5447, 2009 WL 361397 (6th Cir. Feb. 12, 2009). Therefore, ALJ Jones's decision, which District Judge John Corbett O'Meara dismissed and which was not appealed, is *res judicata* as to the issue of whether Plaintiff

was disabled as of July 22, 2004, the date of ALJ Jones's decision. (Tr. at 406; E.D. Mich. Case No. 05-60257, Doc. 19.) As indicated above, Plaintiff's date last insured is December 31, 2004. (Tr. at 385.)

### F.     Analysis and Conclusions

Plaintiff contends that the ALJ erred in assessing medical opinion evidence, assessing Plaintiff's credibility and thereby formed an inaccurate hypothetical. (Doc. 11.) However, as noted by the Commissioner, the salient issue in this case is whether substantial evidence supports the ALJ's decision to adopt the findings of the previous ALJ based on his findings that there was no new evidence or changed circumstances under A.R. 98-4(6) and *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). (Tr. at 387-88.) If so, then Plaintiff's arguments above based on the findings of the previous ALJ were properly adopted and are unassailable. (Doc. 15 at 7-8.)

According to *Drummond*, the Commissioner is bound by a prior final decision determining whether a claimant is entitled to benefits absent "changed circumstances." *Drummond*, 126 F.3d at 843-44. A.R. 98-4(6) implements *Drummond* by directing that courts adopt the findings from a final decision by an ALJ on a prior claim unless there is new and material evidence relating to such finding.

As noted above, ALJ Jones's decision is *res judicata* as to the issue of whether Plaintiff was disabled as of July 22, 2004, the date of ALJ Jones's decision. (Tr. at 406.)

In addition, Plaintiff's date last insured is December 31, 2004. (Tr. at 385.) In order to be eligible for disability insurance benefits, a person must become disabled during the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i)(2)(c); 423(a), (c), (d). "If a clamant is no longer insured for disability insurance benefits at the time [he] files [his] application, [he] is entitled to disability insurance benefits only if [he] was disabled before

8

the date [he] was last insured." *Renfro v. Barnhart*, 30 F. App'x 431, 435 (6th Cir. 2002). Therefore, the ALJ generally only considers evidence from the alleged disability onset date through the date last insured. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990). "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.,* 88 F. App'x 841, 845 (6th Cir. 2004). In order for evidence of the plaintiff's condition after the date last insured to be relevant to the disability decision, the evidence "must relate back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003). If the plaintiff becomes disabled after the loss of insured status, the claim must be denied even though the plaintiff has indeed become disabled. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

Since the prior decision date was July 2004 and since Plaintiff's date last insured is December 31, 2004 (Tr. at 385,) the window of time in which new evidence could be probative, is a small one, i.e., five months from July through December, 2004.

Any new medical evidence proffered in this record is dated far outside the relevant time period, e.g., January, February, and December 2010. (Tr. at 495-593.) In addition, evidence stemming from injuries received in a motor vehicle accident in 2005 would not be relevant to Plaintiff's condition in 2004. To the extent that Plaintiff's hospitalization for cocaine abuse in March 2004 relates to her mental impairments, that evidence was part of ALJ Jones's decision and there is no evidence of mental health treatment in the several years following her hospitalization in 2004. I therefore suggest that Plaintiff has not argued or shown that her condition worsened between July and December 2004 and I further suggest that ALJ 's decision to rely on the prior findings of ALJ Jones was supported by substantial evidence.

9

**G.     Conclusion**

For all these reasons, after review of the record, I suggest that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: August 20, 2013                      United States Magistrate Judge

10

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  August 20, 2013                          By     s/Patricia T. Morris
                                                              Law Clerk to Magistrate Judge Binder